UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBERTARIAN PARTY OF OHIO,
KEVIN KNEDLER, AARON HARRIS,
CHARLIE EARL,

        Plaintiffs,

v.

JON HUSTED,
in his Official Capacity as Ohio
Secretary of State,

        Defendant.  /

Case No. 2:13-cv-953

Judge Michael H. Watson

### DECLARATION OF RICHARD WINGER
(pursuant to 28 U.S.C. § 1746)

I, Richard Winger, do hereby declare under penalty of perjury that the following is true and correct:

1.     I am above the age of 18, of sound mind, a United States citizen, and reside in San Francisco, California.

2.     I am editor of Ballot Access News and have testified as an expert on minor party ballot access in a number of federal and state cases, including *Libertarian Party v. Blackwell*, 462 F.3d 579 (6th Cir. 2006) (striking down Ohio's requirement that new parties submit nominating petitions supported by signatures of 1% of total vote cast in last gubernatorial or presidential election one year before general election). *See* Vita (attached) (describing qualifications and

1

listing cases that I have appeared as an expert witness on ballot access).

3. When passing legislation late in an election cycle that changes ballot access requirements, states in the modern era have tended not to apply newly enacted rules to minor or new parties that have already acted under the previous rules or otherwise relied on the rules previously in place.

4 States have routinely avoided retroactive application of new rules because of the patent unfairness present when changing election rules in the middle of, or near the end of, election cycles.

5. A number of modern examples prove this:

A. In <u>Alabama</u> in 1982 the legislature increased the nominating petition requirement for minor parties from zero signatures to 1% of the last gubernatorial vote cast, and the vote test for a party to stay on the ballot from zero to 20% of the last vote cast. Session laws ch. 611, p. 1109 and ch. 572, p. 1064, sec. 1,2. The Justice Department Voting Rights Section told Alabama it could not apply the law to the pending election. The National Democratic Party, after all, would have been thrown off the ballot for 1982.

B. In <u>Alabama</u> in 1995 the legislature increased the nominating petition requirement from 1% to 3% of the last gubernatorial vote. The Voting Rights Section of the Justice Department initially refused to pre-clear this change, but on March 22, 1996 reversed course and pre-cleared the new requirements. By then the Libertarian Party had already finished its 1996 nominating petition under the old law. The Natural Law Party, meanwhile, was in the middle of preparing its nominating petition under the old law. The Secretary of State ruled that it would not be fair to force the Natural Law Party to petition under the new law when the Libertarian

Party had already finished its petition under the old law. Both parties were allowed access under the old law.

C. In Alaska in 1983 the Alaska Supreme Court invalidated a 10% vote test for Governor for a party to enjoy qualified status. That Alaskan Independence Party had had polled 1.66% for Governor in November 1982. The Division of Elections then promulgated a new regulation stating that the vote test would be 1% until the legislature changed the law. The legislature didn't act until 1986, when it set the vote test at 3%. Ch. 85, p. 13 and 17. Notwithstanding the new law, the Division of Elections let the Alaskan Independence Party remain on the 1986 ballot.

D. In Indiana in 1980 the legislature quadrupled the number of signatures needed to support minor parties' nominating petitions, as well as the vote test to retain ballot access, from one-half of 1% of the votes cast in the last election, to 2%. The legislature also provided, however, that the new petition requirement did not go into effect until 1983, and the new vote test did not go into effect until after the 1986 election was over. The vote test, before and after, could only be met by the Secretary of State election. 1980 session laws, ch. 6, p. 22-24. The American and Libertarian Parties were both ballot-qualified at the time the new bill passed, both failed to satisfy the new bill's requirements in the 1982 election, and both were permitted to remain ballot-qualified for the 1984 and 1986 elections.

E. In Kansas in 1990 the legislature doubled the number of signatures required to support statewide independent candidates from 2,500 to 5,000 signatures. Ch. 129, p. 830. The bill was signed on May 18, 1990. The Secretary of State ruled on August 29, 1990 that he would not apply the new law to independent candidates who were required to file no later than August of 1990.

3

F. In <u>Michigan</u> in April of 1976 the legislature passed a measure providing minor parties that had previously successfully petitioned would be listed on the August 1976 primary ballot, but in order to gain access to the 1976 general election ballot their primary votes would have to equal or exceed 3/10 of one percent of the total vote cast in the primary. A three-judge United States District Court upheld the new law for future elections, but also ruled that it could not be applied to the 1976 primary and general election. *Hudler v. Austin*, 419 F Supp 1002, 1013-14 (E.D. Mich. 1976), *summarily aff'd,* 430 U.S. 924 (1977).

G. In <u>Michigan</u> in April of 1988 the legislature finally passed a statutory procedure for independent candidates to qualify for the state's general election ballots. The nominating petition and supporting signatures were required under the new law to be filed by mid-July, 1988. In several unreported cases filed by independent candidates in federal court that year the courts ruled that the new measure could not be applied to the 1988 general election. The first such case was *Fulani v Austin*, No. 88-cv-72331 (E.D. Mich., June 14, 1988).

H. In <u>New Mexico</u> in 1989 the legislature changed the number of signatures required for minor party nominating petitions from 500 to one-half of 1% of the last vote cast; it also increased the vote test for maintaining ballot access to one-half of 1%. The law also provided, however, that no party would be removed from the ballot until after the 1992 election. Ch. 392, sec. 16. There were nine parties on the ballot in 1992.

I. In <u>New York</u> in 1935 the vote test for new parties was raised from 25,000 votes for Governor to 50,000 votes for Governor. Ch. 955, p. 1855. The new law provided, however, that parties that had polled more than 25,000 but under 50,000 in the 1934 election would still be on

the ballot in 1936. The Communist Party was the only party in that range and it was permitted to be appear on the general ballot in 1936.

J. In <u>North Carolina</u> in 1949 the vote test was raised from 3% for President or Governor to 10% for either office. Ch. 671, p. 691. The States Rights Party had won 8.8% for president in 1948 in North Carolina. The new law said that it could remain on the ballot for both 1950 and 1952.

K. In <u>Ohio</u> in 1971 the legislature passed the nominating petition supported by signatures of 1% of voters in last gubernatorial/presidential election, and 5% vote test for retained ballot access, that persisted until passage of S.B. 193. Session laws, SB 460, p. 878. The previous law, requiring 7% for both the petition and the vote, was struck down in 1970 in *Socialist Labor Party v. Rhodes*, 318 F Supp 1262 (S.D. Ohio 1970). The Socialist Labor Party appeared on the 1970 ballot because of its litigation success and won only 0.44% of the vote for Governor. Ohio's Secretary of State, however, decided that the late passage of the new law in 1971 required leaving the Socialist Labor Party on the ballot for both the primary and general in 1972. The American Independent Party was also afforded ballot space in 1972 even though it only won 1.93% for Governor in 1970.

date: Nov. 12, 2013

Richard Winger
Richard Winger

5

Richard Winger Curriculae Vitae
3201 Baker Street
San Francisco, California 94123
Updated Sep. 15, 2013

EDUCATION
BA, Political Science, University of California, Berkeley, 1966
Graduate study, Political Science, UCLA, 1966-67

EMPLOYMENT
*Ballot Access News*, Editor 1985-Present
Editor of newsletter covering legal, legislative and political developments of interest to minor parties and independent candidates.  Researcher of ballot access laws of all 50 states from years 1888-present; well versed in how ballot access laws of each state work historically and how they compare to each other.  Responsible for reading all statutes, regulations, legal opinions, and state attorney general opinions on rights of political parties and the publications of minor parties.

On the Editorial Board of *Election Law Journal*, published by Mary Ann Liebert, Inc., Larchmont, N.Y., since 2001.

PUBLICATIONS
Wrote a chapter or two in each of these books:

*America Votes!  A Guide to Modern Election Law and Voting Rights,* 2nd edition, 2012, published by the American Bar Association's Section of State and Local Government Law, editor Benjamin E. Griffith.

*Others, Vol. 2, Third Parties During The Populist Period,* by Darcy G. Richardson (2007: iUniverse, Inc., New York).  Wrote the book's Appendix, "Early Ballot Access Laws for New and Minor Parties."

*Democracy's Moment*
edited by Ronald Hayduk and Kevin Mattson (2002:  Rowman & Littlefield, Lanham, Md.)

*The Encyclopedia of Third Parties in America*
edited by Immanuel Ness and James Ciment (2000:  M.E. Sharpe, Inc., Armonk, N.Y.)

*Multiparty Politics in America*
edited by Paul S. Herrnson (1997:  Rowman & Littlefield, Lanham, Md.)

*The New Populist Reader*
edited by Karl Trautman (1997:  Praeger, Westport, Ct.)

Additional articles published in these periodicals:
*University of Arkansas Little Rock Law Review*
*Wall Street Journal*
*American Review of Politics*

1

*The Long Term View*
*University of Mass. Law Review*
*California Journal*
*Election Law Journal* (two articles)
*Cleveland State Law Review*
*Chronicles Magazine*
*Price Costco Connection*
*Fordham Urban Law Journal*

Also, I have written "Election Law Decisions" in each issue of the newsletter of the American Political Science Association's Section on Representation and Electoral Systems, which appears twice a year, starting with the 2005 issues.

NATIONAL INTERVIEWS on Minor Parties, Independents, Ballots and Ballot Access
    NBC                                              *National Public Radio*
    ABC                                              *Pacifica Radio*
    CNN                                              MSNBC

CASES:  TESTIMONY or AFFIDAVITS (political party or candidate prevailing, or case pending)

**Alaska**: Libertarian Party v Coghill, state superior court, 3rd dist., 3AN-92-08181, 1992 Court issued injunction enjoining enforcement of petition deadline for minor parties

**Arizona** (3 cases)**:** Campbell v Hull, 73 F Supp 2d 1081 (1999); Az. Libt. Party v Hull, superior ct., Maricopa Co. 96-13996, 1996. Nader v Brewer, 531 F 3d 1028 (9th cir., 2008)

**Arkansas** (3 cases): Citizens to Establish a Reform Party v Priest, 970 F Supp 690 (E.D. Ark. 1996); Green Party of Ark. v Priest, 159 F.Supp.2d (E.D. Ark. 2001); Green Party of Ark. v Daniels, U.S. District Court, 448 F.Supp 2d 1056 (E.D.Ark. 2006).

**California:** California Democratic Party v Jones, 530 US 567 (2000); California Justice Committee v Bowen, 2012 WL 5057625 (C.D.Cal.).

**Colorado**: Ptak v Meyer, 94-N-2250, U.S. Dist. Ct., 1994. Court ordered Secretary of State to place Libertarian legislative candidate on ballot.

**Florida** (2 cases): Libt. Party of Fla. v Mortham, 4:96cv258-RH, U.S. Dist. Ct., N.D., 1996. Court ordered Secretary of State to place Libertarian vice-presidential candidate on ballot. Reform Party v Black, 885 So.2d 303 (Fla. 2004).

**Georgia**: Bergland v Harris, 767 F 2d 1551 (11th cir., 1985). U.S. Court of Appeals remanded case back to U.S. District Court. Before U.S. District Court acted, legislature substantially eased law, so case became moot.

**Hawaii**: Libt. Party of Hi. v Waihee, cv 86-439, U.S. Dist. Ct., 1986. Court ordered Lieutenant Governor to extend petition deadline for new parties.

**Illinois**: (3 cases): Nader v Ill. State Bd. of Elections, 00-cv-4401, U.S. Dist. Ct., N.D., 2000. Court ordered State Board of Elections to place candidate on ballot. Lee v Ill. State Bd. of Elections, 463 F.3d 763 (7th cir. 2006). Jones v McGuffage, 921 F Supp 2d 888 (N.D.. Il, 2013).

**Iowa**: Oviatt v Baxter, 4:92-10513, U.S. Dist. Ct., 1992. Court ordered Secretary of State to put Grassroots Party candidate for Congress on ballot.

**Kansas**: Merritt v Graves, 87-4264-R, U.S. Dist. Ct., 1988. State did not defend three election laws and signed consent decree on independent petition deadline, requirement that independent petitions not be circulated outside of circulator's home precinct, and requirement that voters could only register in qualified parties. This case should

2

not be confused with another by the same name decided in December, 1988.
**Kentucky**: Libt. Pty. of Ky. v Ehrler, 776 F Supp 1200 (E.D. 1991)
**Maryland** (2 cases): Dixon v Md. State Adm. Bd. of Elec. Laws, 878 F 2d 776 (1989, 4th cir.); Green Party v Bd. of Elections, 832 A 2d 214 (Md. 2003).
**Montana**: Kelly v Johnson, U.S. Dist. Ct. 08-25 (2012).
**Nevada** (2 cases): Libt Pty. of Nev. v Swackhamer, 638 F Supp 565 (1986); Fulani v Lau, cv-N-92-535, U.S. Dist. Ct., 1992. Court ordered Secretary of State to put various minor parties on ballot.
**New Jersey** (2 cases): Council of Alternative Political Parties v Hooks, 999 F Supp 607 (1998); Council of Alternative Political Parties v State Div. of Elections, 781 A 2d 1041 (N.J.Super. A.D. 2001).
**New York** (3 cases): Molinari v Powers, 82 F Supp 57 (E.D.N.Y. 2000); Schulz w Williams, 44 F 3d 48 (2nd cir., 1994); Green Party of N.Y. v N.Y. State Bd. of Elections, 389 F.3d 411 (2nd cir., 2004).
**North Carolina**: Obie v N.C. Bd. of Elections, 762 F Supp 119 (E.D. 1991); DeLaney v Bartlett, 370 F.Supp.2d 373 (M.D. 2004).
**Ohio**: Libertarian Party of Ohio v Blackwell, 462 F.3d 579 (6th cir. 2006).
**Oklahoma**: Atherton v Ward, 22 F Supp 2d 1265 (W.D. Ok. 1998).
**Pennsylvania**: Patriot Party of Pa. v Mitchell, 826 F Supp 926 (E.D. 1993).
**South Dakota**: Nader v Hazeltine, 110 F Supp 2d 1201 (2000).
**Tennessee**: Libt Party v Thompson, U.S. Dist. Ct., 793 F Supp 1064 (M.D. 2010); Green Party of Tennessee v Hargett, 882 F Supp 2d 959 (M.D..Tn. 2012).
**Texas**: Pilcher v Rains, 853 F 2d 334 (5th cir., 1988).
**Virginia**: Libt. Pty of Va. v Quinn, 3:01-cv-468, U.S. Dist. Ct., E.D. (2001). Court ordered State Board of Elections to print "Libertarian" party label on ballot next to name of Libertarian candidates.
**Washington**: Washington State Democratic Central Committee v Washington State Grange, pending in U.S. Supreme Court, 11-1263.
**West Virginia** (3 cases): State ex rel Browne v Hechler, 476 SE 2d 559 (Supreme Court 1996); Nader v Hechler, 112 F.Supp.2d 575 (S.D.W.V., 2000); McClure v Manchin, 301 F Supp 2d 564 (2003).


CASES: TESTIMONY or AFFIDAVITS (political party or candidate not prevailing)
**Alabama**: Swanson v Bennett, 490 F.3d 894 (11th cit. 2007).
**Arizona**: (2 cases) Indp. Amer. Party v Hull, civ 96-1240, U.S. Dist. Ct., 1996; Browne v Bayless, 46 P 3d 416 (2002).
**Arkansas** (2 cases): Langguth v McKuen, LR-C-92-466, U.S. Dist. Ct., E.D., 1992; Christian Populist Party v Sec. of State, 650 F Supp 1205 (E.D. 1987).
**California**: Socialist Workers Party v Eu, 591 F 2d 1252 (9th cir., 1978).
**Florida** (2 cases): Fulani v Smith, 92-4629, Leon Co. Circuit Court, 1992; Libertarian Party of Fla. v State of Fla., 710 F 2d 790 (11th cir., 1983).
**Georgia** (2 cases): Libertarian Party of Ga. v Cleland, 1:94-cv-1503-CC, U.S. Dist. Ct., N.D. (1994); Esco v Secretary of State, E-53493, Fulton Co. Superior Court, 1998.
**Idaho**: Nader v Cenarrusa, cv 00-503, U.S. Dist. Ct., 2000.
**Illinois**: Libt Party v Rednour, 108 F 3d 768 (7th cir., 1997).
**Kansas**: Hagelin for President Committee v Graves, 804 F Supp 1377 (1992).
**Maine** (2 cases): Maine Green Party v Diamond, 95-318, U.S. Dist. Ct., 1995;

3

Maine  Green Party v Secretary of State, 96-cv-261, U.S. Dist. Ct., 1996.
**Maryland** (2 cases):  Ahmad v Raynor, R-88-869, U.S. Dist. Ct., 1988; Creager v State Adm. Bd. of Election Laws, AW-96-2612, U.S. Dist. Ct., 1996.
**Missouri**:  Manifold v Blunt, 863 F 2d 1368 (8th cir. 1988).
**New Hampshire**:  Werme v Gov. of N.H., 84 F 3d 479 (1st cir., 1996).
**North Carolina**:  Nader v Bartlett, 00-2040, 4th cir., 2000.
**Ohio**:  Schrader v Blackwell, 241 F 2d 783 (6th cir., 2001).
**Oklahoma** (3 cases):  Rainbow Coalition v Okla. State Elec. Bd., 844 F 2d 740 (1988); Nader v Ward, 00-1340, U.S. Dist. Ct., 1996; Clingman v Beaver, __US__(May 2005).
**Oregon**:  Libt Party v Roberts, 737 P 2d 137 (Ore. Ct. of Appeals, 1987).
**Texas** (2 cases):  Texas Indp. Party v Kirk, 84 F 3d 178 (5th cir., 1996); Nat. Comm. of U.S. Taxpayers Party v Garza, 924 F Supp 71 (W.D. 1996).
**Virginia**:  Wood v Meadows, 207 F 3d 708 (4th cir., 2000).
**West Virginia**:  Fishbeck v Hechler, 85 F 3d 162 (4th cir., 1996).
**Wyoming**:  Spiegel v State of Wyoming, 96-cv-1028, U.S. Dist. Ct., 1996.

QUALIFIED EXPERT WITNESS
**Fishbeck v Hechler**, 85 F 3d 162 (4th cir. 1996, West Virginia case)
**Council of Alternative Political Parties v Hooks**, 999 F Supp 607 (1998, N.J.)
**Citizens to Establish Reform Party v Priest**, 970 F Supp 690 (E.D. Ark, 1996)
**Atherton v Ward**, 22 F Supp 2d 1265 (W.D.Ok. 1998)
**Calif. Democratic Party v Jones**, 530 US 567 (2000)
**Swanson v Bennett**, not reported, U.S. Dist. Ct., m.d.Ala. (02-T-644-N)
**Beaver v Clingman,** 363 F 3d 1048 (10th cir., 2004, Okla. case)
**Green Pty v N.Y. Bd. Elec.**, 267 F Supp 2d 342 (EDNY 2003), 389 F.3d 411 (2nd 2004)
**Lawrence v Blackwell**, 430 F.3d 368 (6th cir. 2005)

In all cases in which I was presented as an expert, the opposition accepted that designation, except in the Green Party of New York case.  The U.S. District Court ruled that I qualify as an expert.  See headnote #1 at page 342, and footnote nine on page 350.  The 2nd circuit agreed, 389 F.3d 411 (2004), at 421.

SPEAKING ENGAGEMENTS:  Colleges and Scholarly Meetings
Panel of New York City Bar Association, 1994.  Ballot access.
Amer. Political Science Assn., nat. conventions of August 1995 and August 1996.  Papers.
Capital University School, law school class, Columbus, Ohio, 1996.  Guest lecturer.
Cal. State U., course in political science, Hayward, 1993 and 1996.  Guest lecturer.
San Francisco City College, course in political science, 1996 and 1997.  Guest     lecturer.
Providence College, R.I., Oct. 1997, seminar on ballot access.
Harvard U., JFK School of Gov't, Oct. 18, 1995, guest lecturer, ballot access.
Voting Integrity Project national conference, Apr. 1, 2000, speaker on ballot access.
Center for Voting & Democracy nat. conference, Nov. 30, 2003, speaker on ballot access.
Robert Dole Institute of Politics, U. of Kansas, one of 5 panel members, Oct. 25, 2007.