UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBERTARIAN PARTY OF OHIO,
KEVIN KNEDLER, AARON HARRIS,
CHARLIE EARL,

        Plaintiffs,             Case No. 2:13-cv-953

v.                                     Judge Michael H. Watson

JON HUSTED,
in his Official Capacity as Ohio
Secretary of State,

        Defendant.  /

**DECLARATION OF RICHARD WINGER**
(pursuant to 28 U.S.C. § 1746)

I, Richard Winger, do hereby declare under penalty of perjury that the following is true and correct:

1.     I am above the age of 18, of sound mind, a United States citizen, and reside in San Francisco, California.

2.     I am editor of Ballot Access News and have testified as an expert on minor party ballot access in a number of federal and state cases, including *Libertarian Party v. Blackwell,* 462 F.3d 579 (6th Cir. 2006) (striking down Ohio's requirement that new parties submit nominating petitions supported by signatures of 1% of total vote cast in last gubernatorial or presidential election one year before general election). *See* Vita (attached) (describing qualifications and

1



Party had already finished its petition under the old law. Both parties were allowed access under the old law.

C. In <u>Alaska</u> in 1983 the Alaska Supreme Court invalidated a 10% vote test for Governor for a party to enjoy qualified status. That Alaskan Independence Party had had polled 1.66% for Governor in November 1982. The Division of Elections then promulgated a new regulation stating that the vote test would be 1% until the legislature changed the law. The legislature didn't act until 1986, when it set the vote test at 3%. Ch. 85, p. 13 and 17. Notwithstanding the new law, the Division of Elections let the Alaskan Independence Party remain on the 1986 ballot.

D. In <u>Indiana</u> in 1980 the legislature quadrupled the number of signatures needed to support minor parties' nominating petitions, as well as the vote test to retain ballot access, from one-half of 1% of the votes cast in the last election, to 2%. The legislature also provided, however, that the new petition requirement did not go into effect until 1983, and the new vote test did not go into effect until after the 1986 election was over. The vote test, before and after, could only be met by the Secretary of State election. 1980 session laws, ch. 6, p. 22-24. The American and Libertarian Parties were both ballot-qualified at the time the new bill passed, both failed to satisfy the new bill's requirements in the 1982 election, and both were permitted to remain ballot-qualified for the 1984 and 1986 elections.

E. In <u>Kansas</u> in 1990 the legislature doubled the number of signatures required to support statewide independent candidates from 2,500 to 5,000 signatures. Ch. 129, p. 830. The bill was signed on May 18, 1990. The Secretary of State ruled on August 29, 1990 that he would not apply the new law to independent candidates who were required to file no later than August of 1990.

3

the ballot in 1936. The Communist Party was the only party in that range and it was permitted to be appear on the general ballot in 1936.

J. In North Carolina in 1949 the vote test was raised from 3% for President or Governor to 10% for either office. Ch. 671, p. 691. The States Rights Party had won 8.8% for president in 1948 in North Carolina. The new law said that it could remain on the ballot for both 1950 and 1952.

K. In Ohio in 1971 the legislature passed the nominating petition supported by signatures of 1% of voters in last gubernatorial/presidential election, and 5% vote test for retained ballot access, that persisted until passage of S.B. 193. Session laws, SB 460, p. 878. The previous law, requiring 7% for both the petition and the vote, was struck down in 1970 in *Socialist Labor Party v. Rhodes*, 318 F Supp 1262 (S.D. Ohio 1970). The Socialist Labor Party appeared on the 1970 ballot because of its litigation success and won only 0.44% of the vote for Governor. Ohio's Secretary of State, however, decided that the late passage of the new law in 1971 required leaving the Socialist Labor Party on the ballot for both the primary and general in 1972. The American Independent Party was also afforded ballot space in 1972 even though it only won 1.93% for Governor in 1970.

date: Nov. 12, 2013

Richard Winger

5

*The Long Term View*
*University of Mass. Law Review*
*California Journal*
*Election Law Journal* (two articles)
*Cleveland State Law Review*
*Chronicles Magazine*
*Price Costco Connection*
*Fordham Urban Law Journal*

Also, I have written "Election Law Decisions" in each issue of the newsletter of the American Political Science Association's Section on Representation and Electoral Systems, which appears twice a year, starting with the 2005 issues.

NATIONAL INTERVIEWS on Minor Parties, Independents, Ballots and Ballot Access
  NBC                    *National Public Radio*
  ABC                    *Pacifica Radio*
  CNN                    *MSNBC*

CASES: TESTIMONY or AFFIDAVITS (political party or candidate prevailing, or case pending)
  **Alaska**: Libertarian Party v Coghill, state superior court, 3rd dist., 3AN-92-08181, 1992 Court issued injunction enjoining enforcement of petition deadline for minor parties
  **Arizona** (3 cases): Campbell v Hull, 73 F Supp 1081 (1999); Az. Libt. Party v Hull, superior ct., Maricopa Co. 96-13996, 1996. Nader v Brewer, 531 F 3d 1028 (9th cir., 2008)
  **Arkansas** (3 cases): Citizens to Establish a Reform Party v Priest, 970 F Supp 690 (E.D. Ark. 1996); Green Party of Ark. v Priest, 159 F.Supp.2d (E.D. Ark. 2001); Green Party of Ark. v Daniels, U.S. District Court, 448 F.Supp 2d 1056 (E.D.Ark. 2006).
  **California**: California Democratic Party v Jones, 530 US 567 (2000); California Justice Committee v Bowen, 2012 WL 5057625 (C.D.Cal.).
  **Colorado**: Ptak v Meyer, 94-N-2250, U.S. Dist. Ct., 1994. Court ordered Secretary of State to place Libertarian legislative candidate on ballot.
  **Florida** (2 cases): Libt. Party of Fla. v Mortham, 4:96cv258-RH, U.S. Dist. Ct., N.D., 1996. Court ordered Secretary of State to place Libertarian vice-presidential candidate on ballot. Reform Party v Black, 885 So.2d 303 (Fla. 2004).
  **Georgia**: Bergland v Harris, 767 F 2d 1551 (11th cir., 1985). U.S. Court of Appeals remanded case back to U.S. District Court. Before U.S. District Court acted, legislature substantially eased law, so case became moot.
  **Hawaii**: Libt. Party of Hi. v Waihee, cv 86-439, U.S. Dist. Ct., 1986. Court ordered Lieutenant Governor to extend petition deadline for new parties.
  **Illinois**: (3 cases): Nader v Ill. State Bd. of Elections, 00-cv-4401, U.S. Dist. Ct., N.D., 2000. Court ordered State Board of Elections to place candidate on ballot. Lee v Ill. State Bd. of Elections, 463 F.3d 763 (7th cir. 2006). Jones v McGuffage, 921 F Supp 2d 888 (N.D.. Il, 2013).
  **Iowa**: Oviatt v Baxter, 4:92-10513, U.S. Dist. Ct., 1992. Court ordered Secretary of State to put Grassroots Party candidate for Congress on ballot.
  **Kansas**: Merritt v Graves, 87-4264-R, U.S. Dist. Ct., 1988. State did not defend three election laws and signed consent decree on independent petition deadline, requirement that independent petitions not be circulated outside of circulator's home precinct, and requirement that voters could $_2$only register in qualified parties. This case should

Maine  Green Party v Secretary of State, 96-cv-261, U.S. Dist. Ct., 1996.
    **Maryland** (2 cases):  Ahmad v Raynor, R-88-869, U.S. Dist. Ct., 1988; Creager v State Adm. Bd. of Election Laws, AW-96-2612, U.S. Dist. Ct., 1996.
    **Missouri**:  Manifold v Blunt, 863 F 2d 1368 (8th cir. 1988).
    **New Hampshire**:  Werme v Gov. of N.H., 84 F 3d 479 (1st cir., 1996).
    **North Carolina**:  Nader v Bartlett, 00-2040, 4th cir., 2000.
    **Ohio**:  Schrader v Blackwell, 241 F 2d 783 (6th cir., 2001).
    **Oklahoma** (3 cases):  Rainbow Coalition v Okla. State Elec. Bd., 844 F 2d 740 (1988); Nader v Ward, 00-1340, U.S. Dist. Ct., 1996; Clingman v Beaver, __US__ (May 2005).
    **Oregon**:  Libt Party v Roberts, 737 P 2d 137 (Ore. Ct. of Appeals, 1987).
    **Texas** (2 cases):  Texas Indp. Party v Kirk, 84 F 3d 178 (5th cir., 1996); Nat. Comm. of U.S. Taxpayers Party v Garza, 924 F Supp 71 (W.D. 1996).
    **Virginia**:  Wood v Meadows, 207 F 3d 708 (4th cir., 2000).
    **West Virginia**:  Fishbeck v Hechler, 85 F 3d 162 (4th cir., 1996).
    **Wyoming**:  Spiegel v State of Wyoming, 96-cv-1028, U.S. Dist. Ct., 1996.

QUALIFIED EXPERT WITNESS
    **Fishbeck v Hechler**, 85 F 3d 162 (4th cir. 1996, West Virginia case)
    **Council of Alternative Political Parties v Hooks**, 999 F Supp 607 (1998, N.J.)
    **Citizens to Establish Reform Party v Priest**, 970 F Supp 690 (E.D. Ark, 1996)
    **Atherton v Ward**, 22 F Supp 2d 1265 (W.D.Ok. 1998)
    **Calif. Democratic Party v Jones**, 530 US 567 (2000)
    **Swanson v Bennett**, not reported, U.S. Dist. Ct., m.d.Ala. (02-T-644-N)
    **Beaver v Clingman**, 363 F 3d 1048 (10th cir., 2004, Okla. case)
    **Green Pty v N.Y. Bd. Elec.**, 267 F Supp 2d 342 (EDNY 2003), 389 F.3d 411 (2nd 2004)
    **Lawrence v Blackwell**, 430 F.3d 368 (6th cir. 2005)

In all cases in which I was presented as an expert, the opposition accepted that designation, except in the Green Party of New York case. The U.S. District Court ruled that I qualify as an expert. See headnote #1 at page 342, and footnote nine on page 350. The 2nd circuit agreed, 389 F.3d 411 (2004), at 421.

SPEAKING ENGAGEMENTS:  Colleges and Scholarly Meetings
    Panel of New York City Bar Association, 1994.  Ballot access.
    Amer. Political Science Assn., nat. conventions of August 1995 and August 1996.  Papers.
    Capital University School, law school class, Columbus, Ohio, 1996.  Guest lecturer.
    Cal. State U., course in political science, Hayward, 1993 and 1996.  Guest lecturer.
    San Francisco City College, course in political science, 1996 and 1997.  Guest lecturer.
    Providence College, R.I., Oct. 1997, seminar on ballot access.
    Harvard U., JFK School of Gov't, Oct. 18, 1995, guest lecturer, ballot access.
    Voting Integrity Project national conference, Apr. 1, 2000, speaker on ballot access.
    Center for Voting & Democracy nat. conference, Nov. 30, 2003, speaker on ballot access.
    Robert Dole Institute of Politics, U. of Kansas, one of 5 panel members, Oct. 25, 2007.