```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Libertarian Party of Ohio,
    et al.,                       :

        Plaintiffs,                :

    v.                             :        Case No. 2:13-cv-953

Jon Husted, et al.,                :        JUDGE MICHAEL H. WATSON
                                            Magistrate Judge Kemp
        Defendants.                :


                          OPINION AND ORDER

       On July 11, 2014, the Court granted Plaintiffs' motion to compel intervenor Defendant Gregory Felsoci to submit to a deposition.  Libertarian Party of Ohio v. Husted, 2014 WL 3456835 (S.D. Ohio July 11, 2014).  In doing so, it overruled his objections that the deposition was unnecessary or inappropriate because the deposition would simply replicate his testimony at the preliminary injunction hearing (and that to subject him to such a duplicative proceeding would be unnecessarily burdensome or harassing); that the parties had previously agreed to forego his deposition; and that he had no relevant testimony to offer, particularly in light of a pending motion to amend the complaint.

       In a second order filed on July 31, 2014, the Court granted Plaintiffs' motion to compel the production of documents from Mr. Felsoci.  The Court rejected Mr. Felsoci's claim that the documents at issue - documents showing who had retained and was paying his counsel - were not discoverable because they were not relevant to the Plaintiffs' claims, but it asked for further briefing on the issue of whether any such documents might properly have been withheld on grounds of privilege.  Libertarian Party of Ohio v. Husted, 2014 WL 3792727 (S.D. Ohio July 31,

2014).  The Court subsequently determined that documents responsive to Plaintiffs' request were not privileged and that Mr. Felsoci had sufficient control over them to require their production.  <u>Libertarian Party of Ohio v. Husted</u>, 2014 WL 3928293 (S.D. Ohio Aug. 12, 2014).

   After being granted the relief they sought, and after deposing Mr. Felsoci and obtaining the documents at issue, Plaintiffs moved for sanctions under Fed.R.Civ.P. 37(a).  They seek an order reimbursing them for attorneys' fees in the amount of $30,112.50.  (Doc. 166).

   Two days after the motion was filed, Mr. Felsoci, through counsel, served subpoenas *duces tecum* on Plaintiffs' attorneys, Mark Brown and Mark Kafantaris. (Doc. 171).  Those subpoenas asked that nine different categories of documents be produced within seven days.  The list of documents includes all time and billing records for counsel's time related to the two discovery motions, as well as "contemporaneous timekeeping and billing records made at or about the time of work performed relative to the Felsoci Discovery Motions" (presumably related to work done for other clients) and "[a]ll documents showing the hourly rates(s) (sic) you have charged other clients in 2014."  Mr. Felsoci also asked for all of the financial records relating to each attorney's law practice, including documents showing expenses paid for rent, utilities, support services, and professional liability costs.

   Plaintiffs immediately moved to quash.  (Doc. 173).  They argue in that motion that the subpoenas are improper because discovery cannot ordinarily be taken from an opponent's litigation attorneys, because the time for compliance was "patently unreasonable," and that many of the documents requested are not pertinent to the calculation of attorneys' fees under Rule 37.  They point out that they voluntarily supplied the types

-2-

of documents which are usually relied on in support of such requests, and that to comply fully with the subpoena would require the production of privileged information.  They also sought expenses in connection with the filing of the motion to quash.  That motion has been fully briefed, with Mr. Felsoci arguing that, for the most part, the documents he asked for are appropriately related to the attorneys' fees request (although he appears to be willing to back off the request for office expenses), and with Plaintiffs arguing that the request is still overbroad, that the time for compliance (which Mr. Felsoci apparently was willing to extend by agreement) was unreasonable on its face, and that a subpoena to counsel, as opposed to discovery directed to Plaintiffs, is not the proper way to get information to defend against an attorneys' fees request.  Finally, because, according to Mr. Felsoci, he cannot adequately address the motion for fees without the discovery he has sought by way of the subpoenas to Messrs. Brown and Kafantaris, he asked for an extension of time to respond to the attorneys' fees motion, and the Court granted him an extension until 21 days after a ruling issues on the motion to quash.  (Doc. 175).

    The Court first notes that sufficient time has passed to alleviate any issues which the time for compliance set forth in the subpoena may have caused (although the time for compliance appears presumptively unreasonable).  The Court also agrees that the request for expenses seems either not reasonably calculated to lead to the discovery of relevant evidence or far too burdensome to support whatever incidental relevance such evidence might have.  The Court is sympathetic, however, to the concept that an attorney asking for fees must, at some point and in some fashion - perhaps in response to a properly-made Rule 34 request - produce the original time records being relied on, and not just summaries.  Cf. Fed.R.Evid. 1006.  Rather than get into the

-3-

thicket posed by the other requests, however, the Court believes that it would be more efficient to have the briefing on the motion for fees focus on entitlement first, and then, if necessary, on the amount of the fees.  The Court will therefore structure an order that achieves that result.

A further note is in order.  It has not been this Court's experience that reasonable lawyers disagree substantially about either how much an attorney of a certain level of experience might reasonably charge for services, or how many hours are reasonably expended on tasks that are common to litigation such as researching and writing discovery motions.  What disagreements may exist are usually resolved quickly and on the basis of a common store of experience and information, rather than through protracted discovery and satellite litigation.  If the Court decides that an award of fees is justified under Rule 37, it may be that the amount can be determined either by agreement or by a proceeding that actually implements Fed.R.Civ.P. 1 (which says that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

Based on the foregoing, the motion to quash is granted to the extent that, pending a resolution of the issue of whether sanctions should be imposed under Rule 37, counsel need not respond to the subpoena.  Mr. Felsoci shall file a response to the motion for attorneys' fees by January 5, 2015, limiting his response to the issue of whether fees are properly awarded.  If the Court decides that issue in Plaintiffs' favor, it will then convene a conference to discuss proceedings on the amount of any fee award to be made.

## Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due three days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

    /s/ Terence P. Kemp
    United States Magistrate Judge