UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBERTARIAN PARTY OF OHIO, et al.
        Plaintiffs,

and

Robert Hart, et al.,                             Case No. 2:13-cv-00953
        Intervenor-Plaintiffs,

  v.                                            JUDGE WATSON
                                                 MAGISTRATE JUDGE KEMP
JON HUSTED,
in his Official Capacity as Ohio
Secretary of State,

        Defendant,

STATE OF OHIO,

        Intervenor-Defendant,

and

GREGORY FELSOCI,

        Intervenor-Defendant.
_____/

**PLAINTIFFS' MOTION TO FOR SANCTIONS UNDER RULE 37
AGAINST INTERVENOR-DEFENDANT-FELSOCI**

    Plaintiffs move for sanctions against Intervenor-Defendant-Felsoci ("Felsoci") pursuant to Federal Rule of Civil Procedure 37(c)(1), which incorporates sanctions available under Federal Rule of Civil Procedure 37(b)(2)(i) - (vi), for Felsoci's failure to timely supplement his

1

response to Plaintiffs' August 28, 2014 Request to Produce Documents. Felsoci's failure is fully explained in the accompanying Memorandum in Support.[1]

Specifically, Plaintiffs seek: (1) payment of their reasonable expenses, including attorney's fees, caused by Felsoci's failure under Rule 37(c)(1)(A); (2) a default judgment against Felsoci under Count Seven of the Third Amended Complaint and Rule 37(b)(2)(A)(vi), as incorporated into Rule 37(c)(1)(C); and (3) an order directing that the Ohio Republican Party's antecedent conspiracy and sponsorship of Felsoci's protest of Plaintiff-Earl be taken as an established fact for purposes of Count Seven of the Third Amended Complaint under Rule 37(b)(2)(A)(i), as incorporated into Rule 37(c)(1)(C).

Plaintiffs hereby certify under Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1 that they have attempted in good faith to confer with Felsoci in an effort to obtain the requested relief without court action.

In support of this Motion, Plaintiffs attach the following Memorandum of Law and a Proposed Order.

---

[1] "The sanctions available under Rule 37(c)(1) are 'self-executing' in the sense that there is no need for an intervening motion to compel or order compelling production. By itself, the fact that the party failed to disclose or supplement triggers application of the sanctions scheme." STEVEN S. GENSLER, 1 FEDERAL RULES OF CIVIL PROCEDURE: RULES AND COMMENTARY 824 (2014). Plaintiffs have filed a motion to compel and have sought reasonable expenses under that motion relative to Felsoci's failure to supplement his response to Plaintiffs' August 28, 2014 document request. *See* Doc. No. 299. Plaintiffs do not seek a double recovery of reasonable expenses. Should the Court award reasonable expenses under Plaintiffs' motion to compel, Plaintiffs expect that amount will be credited to offset any duplicative expenses rewarded by the present motion. The present motion's request for reasonable expenses, of course, is broader, including all reasonable expenses "caused by the failure" of Felsoci to supplement his discovery. Should expenses be denied under Plaintiffs' Motion to Compel, *see* Doc. No. 299, moreover, Plaintiffs may still be entitled to expenses as sanctions under Rule 37, which is self-executing.

Respectfully submitted,

*/s/ Mark R. Brown*
Mark R. Brown, Trial Counsel
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

Mark Kafantaris
625 City Park Avenue
Columbus, Ohio 43206
(614) 223-1444
(614) 221-3713 (fax)
mark@kafantaris.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that copies of this Motion, Memorandum in Support and Proposed Order were filed using the Court's electronic filing system and will thereby be electronically delivered to all parties through their counsel of record.

s/*Mark R. Brown*

Mark R. Brown