# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**LIBERTARIAN PARTY OF OHIO, et al.**
                    **Plaintiffs,**

**and**

**Robert Hart, et al.,**                        **Case No. 2:13-cv-00953**
                    **Intervenor-Plaintiffs,**

        **v.**                                  **JUDGE WATSON**
                                          **MAGISTRATE JUDGE KEMP**

**JON HUSTED,**
**in his Official Capacity as Ohio**
**Secretary of State,**

                    **Defendant,**

**STATE OF OHIO,**

                    **Intervenor-Defendant,**

**and**

**GREGORY FELSOCI,**

                    **Intervenor-Defendant.**

_____/

## PLAINTIFFS' REPLY TO INTERVENOR-DEFENDANT-FELSOCI'S RESPONSE (Doc. No. 306) TO PLAINTIFFS' MOTION TO COMPEL (Doc. No. 299) AND PLAINTIFFS' MOTION  FOR SANCTIONS UNDER RULE 37 (Doc. No. 300)

### INTRODUCTION

Plaintiffs on August 28, 2014 filed a temporally open-ended request[1] for production of

documents with Intervenor-Defendant-Felsoci ("Felsoci"). Felsoci responded on September 24,

---

[1] By "temporally open-ended," Plaintiffs mean that no cut-off date for documents related to payments or bills was included in the Request. The Request sought all documents related to payments and bills regardless of when created or received.

2014, supplying Plaintiffs with three <u>invoices</u> identifying Terry Casey as the person responsible for paying Felsoci's lawyers. The last invoice was dated May 16, 2014. No documents evidencing <u>payments</u> of any kind to Felsoci's lawyers were produced. Felsoci <u>never</u> supplemented his response to Plaintiffs' August 28, 2014 request for documents with additional documents or information about who was paying his lawyers.

On November 19, 2014 the Ohio Republican Party began making payments to Felsoci's lawyers. Additional payments were made on December 22, 2014, December 29, 2014, and February 24, 2015.  These payments totaled $300,000.  *See* Doc. No. 296-1 at PAGEID # 7738. The Ohio Republican Party's payments were made during a critical time in the above-styled case; dispositive cross-motions for summary judgment were filed between October 23, 2014 and December 9, 2014, and remain under consideration to this day.

No discovery order or agreement was ever in place closing discovery or altering the parties' obligations under Rule 26(e).  Still, Felsoci <u>never</u> supplemented his response to Plaintiffs' August28, 2014 request.  He never informed Plaintiffs that the Ohio Republican Party had made these payments.  He never supplied Plaintiffs with the canceled checks.  He never supplied the Plaintiffs with the additional invoices that were used to support these payments.[2]

Plaintiffs learned of these payments on May 19, 2015 only because Casey and the Kasich Campaign used them in defensive pleadings before the Ohio Elections Commission. *See* Doc. No. 296 at PAGEID # 7731.  But for this, Plaintiffs would never have known.

---

[2] Felsoci argues that the invoices are redundant (and therefore "immaterial") because they again named Casey. Plaintiffs, of course, could not have known who the invoices named.  That the invoices might eventually prove duplicative, moreover, cannot excuse a party from its obligation to produce them.  In the event, the invoices still supply additional, important information.  They reflect a bill twice the size of that reported in May 2014, thus supporting Plaintiffs' theory that someone else had to be involved in paying it.  More importantly, the evidence of <u>payments</u> by the Ohio Republican Party is hardly redundant.  That was kept a secret until Plaintiffs uncovered the payments outside the channels of discovery.

The payments came as a surprise to Plaintiffs, since they had on March 29, 2015 reminded Felsoci of his continuing duty to supply documents evidencing payments to his lawyers. *See* Doc. No. 299-1. Felsoci had said nothing; he did not produce the documents and he did not respond to Plaintiffs. He never disputed his continuing duty to supplement. No word about Rule 26(e)'s scope was ever uttered by Felsoci until Plaintiff-Earl was informed of the payments in the Ohio Elections Commission proceeding.

Following unsuccessful discussions with Felsoci about his need to properly supplement his prior production, Plaintiffs had no choice but to file on June 12, 2015 a Motion to Compel the production of the documents. *See* Doc. No. 299. Felsoci refused to produce the documents unless Plaintiffs first agreed to a protective order. Plaintiffs demanded unconditional supplementation and asked Magistrate Judge Kemp to hold a telephone conference on June 17, 2015.

At the phone conference held before Judge Kemp on June 17, 2015, counsel for Felsoci for the first time claimed that Rule 26(e) does not apply to later-created documents. Felsoci's counsel had never made this claim before to Plaintiffs' counsel. Felsoci claimed to have several cases supporting this proposition, and even asserted that it appeared to be the "majority" rule. Minimal research would have established that this is not true. *See*, *e.g.*, STEVEN S. GENSLER, 1 FEDERAL RULES OF CIVIL PROCEDURE: RULES AND COMMENTARY 655 (2015). In fact, as made clear below, it is not even a "minority" rule.

Plaintiffs sent to Felsoci on June 17, 2015 a new document request, identical to the one sent on August 28, 2014.[3] Plaintiffs stated in their accompanying communication:

---

[3] That Felsoci claims his production of the new documents, both invoices and evidence of payments made by the Ohio Republican Party, is in response to this renewed document request proves that the documents fell within the terms of the original, August 28, 2014 document request, too. The new request and the August 28, 2014 request are identical.

3

> Please understand that this does not waive Plaintiffs' claim that Felsoci breached his duty to supplement under Rule 26(e) by not producing later-created documents in response to Plaintiffs' August 28, 2014 document request. Nor does it relieve Felsoci of his obligation to supplement his response to Plaintiffs' August 28, 2014 document request. Plaintiffs' Motion to Compel remains in place and Plaintiffs expect a timely Response from Felsoci. Nor does it relieve Felsoci for the consequences of not having timely supplemented his response to Plaintiffs' August 28, 2014 document request.

*See* Exhibit 2.

On June 18, 2015, Plaintiffs sent to Felsoci a number of authorities plainly showing that Rule 26(e) applies to later-created documents. *See* Exhibit 1. Felsoci did not answer. Because time remained of the essence and Judge Watson might rule any day on the pending cross-motions for summary judgment, Plaintiffs on June 19, 2015 informed Felsoci that they were prepared to immediately file a merits-based Motion for Sanctions under Rule 37 (seeking default judgment under Count Seven of the Third Amended Complaint and stipulated findings about the Ohio Republican Party's involvement) for Felsoci's failure to timely supplement his production unless Felsoci agreed to remedy his violation of Rule 26(e). *See* Consolidated Memorandum of Intervening Defendant Gregory Felsoci, Doc. No. 306 (hereinafter "Felsoci's Response") at PAGEID # 7937 (Exhibit 8). Felsoci did not respond. Plaintiffs filed their Motion for Sanctions Under Rule 37 on June 20, 2015. *See* Doc. No. 300.

Felsoci had made it painfully clear that he was not going to unconditionally produce the documents and would continue to argue that Rule 26(e) did not apply to the documents. Because of the imminent disposition of the parties' cross-motions for summary judgment, Plaintiffs were left with no choice but to seek immediate assistance from the Court.

On July 6, 2015, Judge Watson directed the parties to continue and conclude their discovery efforts surrounding the newly-discovered payments and invoices. *See* Doc. No. 305.

He assured the parties that he would not rule on their cross-motions for summary judgment until these most recent discovery efforts are completed.  *Id.*

## ARGUMENT

### I.    Rule 26(e) Applies to Later-Created Documents.

Felsoci argues that several of the cases relied upon by Plaintiffs "supposedly stand[] for the proposition that after-created documents must always be supplemented, but several of these cases either did not involve after-created documents or one cannot tell from the opinion whether this was actually the issue or not."  Felsoci's Response, Doc. No. 306,  at PAGEID # 7885 n. 2. Two rejoinders are in order.  First, Plaintiffs have not argued that "after-created documents must always be supplemented."  Plaintiffs' argument is that later-created documents fall equally within the meaning of Rule 26(e)'s duty to supplement.  Material documents, including later-created ones, must be timely produced under Rule 26(e) when the prior production is rendered "incorrect or incomplete."

Second, the many cases cited by Plaintiffs in their Motion for Sanctions under Rule 37, *see* Doc. No. 300-1 at PAGEID # 7809-7811, fully support this proposition.  This includes those that are not challenged by Felsoci as well those that are.  In regard to the latter, both *Adams v. Teck Cominco Alaska, Inc.*, 231 F.R.D. 578, 580 (D. Alaska 2005), and *L. Tarango Trucking v. County of Contra Costa*, 202 F.R.D. 614, 618 (N.D. Cal. 2001), were cited by Professor Gensler for the proposition that "[t]he duty to supplement extends to documents created or acquired after the response to the document request is served." 1 Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary 624 (2014).[4]  Although Felsoci is correct that *Adams* is

---

[4] Felsoci is familiar with Professor Gensler's treatise.  *See* Felsoci's Response, Doc. No. 306, at PAGEID # 7895 (quoting it).

somewhat unclear about when the contested document was created,[5] *Tarango Trucking* plainly states that Rule 26(e) applies to later-created documents: "Although those documents were all created after Magistrate Larson's Order, that is no excuse for failing to produce them." 202 F.R.D. at 618 (citing Rule 26(e)).

*Lee Valley Tools, Inc. v. Industrial Blade Co*., 288 F.R.D. 254, 260 (W.D.N.Y. 2013), which is also challenged by Felsoci, expressly stated the rule Professor Gensler describes. In *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp.2d 506, 509-11 (S.D.N.Y. 2009), meanwhile, the court refused to allow the use of an after-acquired supplementary registration that had been created following the close of discovery but not included in supplemental production as required by Rule 26(e): "RFMAS had a continuing obligation to supplement Defendants' discovery requests pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), especially as it pertains to critical documentary material such as the Supplementary Registration." *Id*. at 511. Like *Lee Valley Tools*, *Tarrango*, *Robbins & Meyers, Inc. v. J.M. Huber Corp*., 274 F.R.D. 63 (W.D.N .Y. 2011), as well as the additional cases cited by Plaintiffs in their Motion for Sanctions, *see* Doc. No. 300-1 at PAGEID # 7809-7811, *Mimi So* stands for the proposition that Rule 26(e) does not distinguish between after-acquired and later-created documents.[6]

---

[5] In *Adams*, the document at issue was dated April 2, 2005, just six months before the court ordered supplementation. This document was a newer version of a 2003 document that had been produced during the discovery period. The Court stated: "Contrary to defendant's assertion, Rule 26(e) places the burden on defendant as the disclosing party to supplement its disclosures, *not on plaintiffs to request updated information as it becomes available*." 231 F.R.D. at 580 (emphasis added). Defendants did not argue that the document was not subject to production because it was later-created; they argued that plaintiffs never specifically requested updates after the initial disclosure and therefore were not entitled to it. The Court rejected this proposition.

[6] Felsoci also argues that the duty to supplement ends with the formal close of discovery. He cites *Coquina Investments v. Rothstein*, 2012 WL 3202273 (S.D. Fla. 2012), for this proposition, as well as cases that Plaintiffs will discuss below. Felsoci's Response, Doc. No. 306, at PAGEID # 7885 n. 2. The Court in *Rothstein* stated in dicta in a footnote: "It is well established that the

Felsoci's objective is not so much to disprove Rule 26(e)'s application to later-created documents as it is to suggest that there exists some sort of "other" approach to the problem. Felsoci goes so far as to argue that a true split of authority exists, with *Robbins & Meyers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63 (W.D.N.Y. 2011), on one side, and no less than nine cases cited by Felsoci on the other.

Felsoci is wrong. No split exists. There is no disagreement. There is no other approach. Noted authorities like Professors Wright and Miller say nothing about any split of authority. They state: "The supplementation obligation broadly applies to any piece of additional information *without reference to the date of its existence*." 8A C. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2049.1 n.6 (3d ed. 2015) (citing *Robbins & Meyers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63 (W.D.N.Y. 2011)). No mention is made of any other view. No cases expressing an opposing view are cited.

Not one of the cases Felsoci cites stands for the proposition that Rule 26(e) distinguishes later-created documents from after-acquired documents for purposes of supplemental discovery under Rule 26(e). The reality is that whether created before or after the prior production, the same standards apply under Rule 26(e). Rule 26(e), in short, applies to later-created documents.

---

obligation to supplement discovery responses continues after discovery. Fed. R. Civ. P. 26(e)(1). This Court's Scheduling Order reflects this continuing obligation by requiring parties to supplement discovery responses within ten days of receipt or notice of new or revised information. This requirement, however, does not create a new and additional obligation to produce documents *created* after close of discovery." *Id.* at * 11 n. 10. It is unclear whether the Court was stating that its Scheduling Order did not apply to documents created after the formal close of discovery, or if Rule 26(e)(1) did not. Deadlines in court orders, of course, are controlling. In the end, the Court "decline[d] to decide, upon the limited evidence and arguments before me on the issue of privilege, whether this document should have been produced—albeit in redacted form." *Id.* at *11. Even if the footnote is not dicta and means what Felosci argues, the point is irrelevant here because discovery has never been closed in this case.

Felsoci starts with *Rhein v. Smyth Automotive, Inc*., 2012 WL 3150953 (S.D. Ohio 2012). Far from supporting Felsoci's thesis, *Rhein* disproves it. It demonstrates that material later-created documents must be produced under Rule 26(e) when the previous production is rendered incorrect or incomplete. *Rhein* was an age-discrimination-in-employment case where the plaintiff during discovery sought sales reports from  "from January 1, 2005 *to the present." Id*. at *2 (emphasis original).  The defendant supplied documents on July 1, 2011. Plaintiffs argued that the defendant had a continuing obligation under Rule 26(e) to supplement the production with later-created sales reports.

The Court agreed and directed the defendant to supplement the earlier production with later-created sales reports from July 1, 2011 to October 31, 2011.  *Id*. at *3.  The Court stopped short of ordering more supplementation, however, because:

> There is no evidence that the documents generated after October 31, 2011 make defendants' previous responses incomplete or incorrect. In contrast to the scenario presented in connection with the July–October 2011 documents, plaintiff has not demonstrated the relevance of these later generated documents and defendants have identified a serious burden associated with their production.

*Id*.

*Rhein* holds that material, later-created documents must be produced if the previous responses are rendered "incomplete or incorrect." Where the documents are not relevant, of course, they fall outside discovery altogether.  And where the defendant can demonstrate some "serious burden associated with their production," it can, as always, avoid production.

*Thompson v. Retirement Plan*, 2010 WL 2735694 (E.D. Wis. 2010), which is next relied

upon by Felsoci,[7] states the same point. There, the court rejected the plaintiffs claim that the defendant had to supplement discovery nine months after its close:

> The court does not share the view that Rule 26(e)(1) automatically mandates the disclosure of all documents falling under a request for production that were created after the close of discovery. Such an interpretation creates the appearance of a general and on-going duty of supplementation throughout the entire life of an action, regardless of the procedural posture of the case or the relative significance of the discovery to a final resolution. The language of rule 26(e) does not support such a broad and continuous duty but, instead, states that a party must supplement its discovery disclosures and responses only if "the party learns that in some material respect the disclosure or response *is incomplete or incorrect.*"

*Id.* at * 1 (citation omitted and emphasis original). There was no question that but that if Rule 26(e) applied, it would also cover later-created documents.

In *Pharmacy Inc. v. American Pharmaceutical Partners, Inc.*, 2008 WL 4415263 (E.D.N.Y. 2008), the plaintiffs alternatively moved for the production of documents created after the close of discovery under either Rule 26(e) or following a general re-opening of discovery. The Court granted a limited re-opening of discovery so that plaintiffs could obtain the documents. In the course of reaching this conclusion, it stated: "a party is under no duty to produce documents which did not exist *prior to the close of discovery*." *Id.* at *3 (emphasis added) (citing *Hnot v. Willis Group Holdings, Ltd.*, 2006 WL 2381869, at * 5 (S.D.N.Y. 2006); *In re High Fructose Corn Syrup Antitrust Litigation*, 2000 WL 33180835 (C.D. Ill. 2000)). As noted previously, *see supra* note 5, this point is irrelevant in the present case because discovery has never been closed.

Felsoci, like the Court in *Pharmacy*, relies upon *Hnot v. Willis Group Holdings, Ltd.*, 2006 WL 2381869 (S.D.N.Y. 2006),[8] for support. In *Hnot*, the relevant discovery request was

---

[7] Plaintiffs have already addressed *MSC.Software Corp. v. Altair Engineering, Inc.*, 2012 WL 1340445 (E.D. Mich. 2012), and *Kingsway Financial Services, Inc. v. PricewaterhouseCoopers, LLP*, 2006 WL 1295409 (S.D.N.Y. 2006), in their initial Motion for Sanctions. *See* Doc. No. 300-1 at PAGEID # 7811-7812.

closed-ended. Plaintiffs still claimed that the duty to supplement applied to documents created after the ending date found in the request. The Court disagreed:

> Plaintiffs' decision to limit their Rule 26(e) argument to a single sentence is not surprising, given that the Rule, as applied to the issue of database discovery, cannot be read to require production of post-2001 information. *The parties agree that the only request for production of database information to which defendants ever had a duty to respond was a request to produce information through December 31, 2001.* Rule 26(e) therefore only imposes on defendants a continuing obligation to amend their responses to that request to the extent they learn of gaps or errors in the *pre-2002* database information they provided. Under the plain language of the Rule, however, there is no general duty to produce *post-2001* database information, for which there was never any enforceable request for production (or corresponding duty to disclose) in the first place.

*Id.* at *5 (footnote omitted and emphasis added).

Had the original discovery request in *Hnot* not been closed-ended, Rule 26(e) would have required production of later-created documents (assuming the Rule's terms were otherwise met).

The Bankruptcy Court in *In re Schick* (*Cassirer v. Fragin*), 1997 WL 465217, at *8 (Bkrtcy. S.D.N.Y. 1997), meanwhile, refused to order the production of later-created documents because "Fragin [the party seeking the documents] has failed to show how the later acquired documents or information render the trustee's prior responses or production incorrect or incomplete in a *material* way ...." (Emphasis original). Far from supporting Felsoci's claim, the Court's logic directs that had the documents been shown to be material they should have been produced under Rule 26(e).

In *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671, at *2 (N.D. Cal. 2008), also relied upon by Felsoci, the Court invoked a specific discovery cut-off date contained in the request to reject supplemental discovery under Rule 26(e):

---

[8] The *High Fructose Corn Syrup* case was discussed in Plaintiffs' initial Motion to Compel, Doc. No. 300-1, at PAGEID # 7811.

> Even adopting that December 2007 cut-off date, defendants argue that the duty to supplement would mandate the production of materials generated after such date. ... The duty to supplement under Rule 26(e)(1) is directed to documents generated during the relevant time frame previously not produced but subsequently discovered. To say that the duty to supplement covers documents generated after that date would render meaningless any delineated time period for production. Consequently, despite defendants' reference to Rule 26(e)(1), nothing in that rule imposes a never ending obligation to produce documents continuously as they are created, and the seven year window that has been provided to defendants is an adequate time frame within which to discover the nature of the failures relevant to the defenses asserted.

The Court never intimated, let alone stated, that Rule 26(e) simply does not apply to later-created documents.

Last but not least, Felsoci relies on *Rayman v. American Charter Federal Savings & Loan Ass'n*, 148 F.R.D. 647, 652 (D. Neb. 1993). That case, however, to the extent it even supports Felsoci's argument (which is far from clear), relied on a previous, more restrictive version of Rule 26(e), which has since been amended to expand the supplementation duty. "In 1993, the Federal Rules of Civil Procedure were significantly amended, particularly Rules 26(e) and 37(c)(1). The changes to Rule 26(e) substantially expanded the duty to supplement. Under the pre–1993 version of Rule 26(e), supplementation was required only in a few, limited circumstances. The current version of the rule ... imposes a broad requirement on parties to update their earlier disclosures and discovery responses." *Klonoski v. Mahlab*, 156 F.3d 255, 268 (1st Cir. 1998) (citing 8 C. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2049.1 (2d ed. 1994 & Supp. 1998)).

In sum, all Felsoci has accomplished is to demonstrate that Rule 26(e)'s application to later-created documents is the same as its application to all after-acquired documents. The duty to supplement applies if the documents are material. The duty to supplement applies if the original production is rendered incorrect or incomplete by the existence of the new documents. Courts can impose deadlines that override Rule 26(e). Parties may restrict their requests in such

a way (like by asking for documents generated before an identified date) that render later-created documents meaningless under the request (and Rule 26(e)).

None of this can be credibly claimed to create some sort of "minority" approach to Rule 26(e) that excludes later-created documents from coverage. Not one case supports Felsoci's argument. Not one case holds that Rule 26(e) simply does not apply to later-created documents.

## II. Felsoci's Multi-Factor Approach is Simply an Application of Rule 26(e).

Because Felsoci cannot succeed in proving that any authority supports his claim that Rule 26(e) does not apply to later-created documents, he turns to arguing that courts must employ "a multi-factor balancing approach ... takes into account all of the facts and circumstances of each case." Felsoci's Response, Doc. No. 306, at PAGEID # 7889. Other than "balancing," which is not part of Rule 26(e), Felsoci is simply arguing that Rule 26(e) applies when it applies. It is not an argument or excuse at all.

In his seven bullet points, Felsoci identifies many "factors" that must be "balanced." The reality is that he merely identifies the requirements of Rule 26(e). When satisfied, supplementation is required. Yet he has never before argued -- not in discussions with Plaintiffs or at the phone conference with Judge Kemp -- that if Rule 26(e) were to apply, he was excused from supplementing because the documents did not otherwise satisfy Rule 26(e)'s terms. Indeed, his ostensible willingness to provide the documents pursuant to Plaintiffs' new, identical request, establishes that the documents plainly fell within the August 28, 2014 request's terms, too.

In his bullet points, Felsoci first correctly notes that documents must be "material." Plaintiffs addressed this in their Motion for Sanctions, Doc. No. 300-1, at PAGEID # 7813-7815. Who is paying Felsoci's lawyers is critical to Plaintiffs' case. Consequently, the documents reflecting <u>payments</u> from the Ohio Republican Party to Felsoci's lawyers were the proverbial

"smoking guns" in this case. Felsoci never produced these, until now. And then only because Felsoci was caught. They were far more than material, they were critical to Plaintiffs' case.

Under guise of materiality, Felsoci also continues to argue that the Court's denial of preliminary relief somehow moots the relevance of who paid Felsoci's lawyers. The argument was implicitly rejected by this Court when it summarily denied Felsoci's Rule 11 Motion for Sanctions on January 9, 2015. *See* Doc. No. 269 (Felsoci's Rule 11 Motion); Doc. No. 270 (Plaintiffs' Response). Sixth Circuit precedent makes clear that a denial or grant of preliminary relief does not terminate a case or prejudice the rights of either party. *See Wilcox v. United States*, 888 F.2d 1111, 1114 (6th Cir. 1989); *Leary v. Daeschner*, 349 F.3d 888, 901 (6th Cir. 2003). A plaintiff's lack of success seeking preliminary relief does not mean that he cannot prevail on precisely the same evidence in a motion for summary judgment. A denial of preliminary relief does not end discovery. It does not resolve a case. Felsoci's argument to the contrary is frivolous.

Second, Felsoci argues that the documents that have finally been produced offer nothing new. Assuming that this is even arguably true of the invoices naming Casey,[9] the <u>payments</u> by the Ohio Republican Party to the Zeiger law firm offered quite a revelation. The canceled checks are hardly redundant or cumulative. The Ohio Republican Party Chair, Matt Borges, had testified that the Party was not involved in any way. Casey supported this claim. The canceled checks were never produced. They were suppressed. They should have been produced as early as November 19, 2014. They were not because they impeached Borges's and Casey's testimony.

---

[9] Plaintiffs could not have known they were directed to Casey until they were produced. So their production was still necessary, lest Plaintiffs simply trust Felsoci. More importantly, the invoices identifying Casey reflect amounts owed that were significantly larger. This supports Plaintiffs' claim that someone else (like the Ohio Republican Party) is supporting Casey. The invoices are therefore material and not simply redundant. Felsoci knew this.

They were not because they proved the factual basis for Plaintiffs' case. They were not because they were potential "smoking guns" that Felsoci did not want the Court to consider.

Third, Felsoci absurdly claims that his "supplementation, either now or upon completion of discovery, would not be untimely." Felsoci's Response, Doc. No. 306, at PAGEID # 7891. Plaintiffs explained in their Motion for Sanctions, Doc. No. 300-1, at PAGEID # 7815-7817, that briefing on cross-motions for summary judgment was completed on December 9, 2014. The payments by the Ohio Republican Party began on November 19, 2014. The first invoice to Casey (Plaintiffs now know) was dated November 10, 2014. How production of these required documents (payments as well as invoices) by Felsoci on July 6, 2015, seven months later and only because Felsoci was forced to produce them, could still be considered timely is beyond the pale of anyone's imagination.

Fourth, Felsoci argues that because Plaintiffs' document request was not temporally closed-ended, that is, it was not limited to documents created before a particular date, "it should be construed as limited to either the date of its service or the date of Felsoci's original response." Felsoci's Response, Doc. No. 306, at PAGEID # 7892. What Felsoci requests is that Rule 26(e)'s application to later-created documents be rendered meaningless. For closed-ended document requests, of course, later-created documents need not be produced. But for open-ended requests, Felsoci argues, they should be interpreted as closed-ended because they did not have an ending date. This renders Rule 26(e)'s application to them meaningless. No later-created documents would ever need to be produced. The argument makes no sense.

Fifth, Felsoci half-heartedly argues that his prior production was not incomplete, because when "Plaintiffs' open-ended document request is construed as being limited in time ..., as it should be, then there is nothing incomplete or inaccurate today about Felsoci's request."

Felsoci's Response at PAGEID # 7893. For the reasons stated above, the argument would gut Rule 26(e)'s application to later-created documents. It makes no sense.

Last but not least, Felsoci argues that "Plaintiffs already have notice of much of the information in question; in fact, they already filed much of it (the payment records) with the Court on May 19, 2015." *Id*. Of course, Felsoci ignores the fact that his lawyers were first paid on November 19, 2014, six months before Plaintiffs uncovered the information, and the documents were never produced. Plaintiffs learned of the payment on May 19, 2015 only because Casey chose to use it in his own defense before the Ohio Elections Commission. The argument that being caught and thereafter forced to produce documents equates with a timely production is preposterous. The argument that being caught cures itself -- 'because they now have the documents' -- is bizarre.[10] Rule 26(e) and Rule 37(c)(1) would mean nothing under Felsoci's arguments.

## III. Felsoci's Suppression of Evidence Was Not Substantially Justified.

Felsoci argues that his failure to supplement production with the evidence of payments to his lawyers by the Ohio Republican Party was somehow "substantially justified." *See* Felsoci's Response, Doc. No. 306, at PAGEID # 7894. He is wrong. He has absolutely no justification for his suppression of the evidence.

Plaintiffs have been seeking since day one proof that the Ohio Republican Party was involved in this case. Matt Borges, the chair of the Ohio Republican Party, testified on March 17, 2014 that the Ohio Republican Party was in no way involved. *See* Doc. No. 301, at PAGEID # 7831. Terry Casey, meanwhile, testified that he did not think that Matt Borges had anything to

---

[10] Imagine a thief arguing that because the victim has his property back he (the thief) did nothing wrong. While thieves likely make this argument frequently, no court would ever embrace it. It is simply a bizarre argument.

do with the protest of Plaintiff-Earl. *See* Doc. No. 241-1, at PAGEID # 6365. Plaintiffs' search for evidence of Ohio Republican Party involvement was stifled at every turn.[11]

Then, when the most damaging evidence imaginable -- direct payments by the Ohio Republican Party (authorized by its Chair, Matt Borges) to Felsoci's lawyers -- becomes available, Felsoci fails to produce it. Plaintiffs on two separate occasions, on March 29, 2015 and May 27, 2015, *see* Doc. No. 299-1, at PAGEID # 7793-7794, reminded Felsoci of his continuing duty to supplement his record productions. He never responded. He never stated that he considered his obligation under Rule 26(e) to have come to an end. He never stated that Rule 26(e) does not apply to later-created documents. He remained silent; he did not produce the proverbial smoking gun, the documents proving that the Ohio Republican Party had paid his lawyers.

Rule 37(a)(5)(A) provides for awards of reasonable expenses, including attorney's fees, to moving parties who win orders compelling discovery. *See* C. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2288 (3d ed. 2014). Rule 37(c)(1)(A) applies this same principle to sanctions for failing to supplement record production. "The great operative principle of Rule 37(a)(5) is that the loser pays." *Id.* "If a motion under Rule 37(a)(3) ... is granted ... the party or deponent whose conduct necessitated the motion shall be required to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order." *Id.* (footnotes omitted).

That a party belatedly produces evidence after a motion to compel is filed does not insulate that party from sanctions. It is still responsible if its inaction was not substantially

---

[11] This is not to say that no evidence of the Ohio Republican Party's involvement was uncovered. Plaintiffs' discovered several documents implicating the Ohio Republican Party; but none as damaging as evidence of its payments directly to Felsoci's lawyers.

16

justified. *See* S. GENSLER, *supra*, at 813 ("The moving party presumptively is awarded its expenses, including attorney's fees, when either (1) the courts grants the motion to compel; or (2) the responding party makes the disclosure ... after the motion is filed.").[12]

"[O]nce the court grants a motion to compel ... it 'shall' require the responding party to pay the moving party's expenses unless the responding party had a 'substantial justification' or some other circumstance makes such an award unjust." *Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003). "Rule 37 has no bad faith requirement." *Id.* Nor does it employ Rule 11's more forgiving "non-frivolous" standard. It requires that a refusal be "substantially" justified. *See Kehoe Component Sales, Inc. v. Best Lighting Products, Inc.*, 2012 WL 113429, at *2 (S.D. Ohio 2012). "Plausible" and "colorable" are not enough.

The accepted rule is that in order to be substantially justified -- whether the making of a motion or a refusal to produce documents -- the action must be "reasonable." Action is "reasonable" when it is premised on principles "about which reasonable people could genuinely differ ...." C. WRIGHT, ET AL., *supra*, § 2288 (footnotes omitted). "A motion is 'substantially justified' if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington-Lafayette Urban*

---

[12] Felsoci also suggests along these same lines that even responding to Plaintiffs' motions has been rendered "unnecessary" by his belated production. *See* Felsoci's Response at PAGEID # 7882. Wow. Talk about hubris. Even though he finally produced the documents, Felsoci is still liable for sanctions under Plaintiffs Motion to Compel. Plaintiffs were forced, after all, to file a Motion to Compel to obtain the documents. That Plaintiffs also filed a new document request, identical to the old one, does not change the fact that Plaintiffs were first forced to file a Motion to Compel. (With their renewed document request, Plaintiffs' expressly stated to Felsoci that they were not waiving their rights under their Motion to Compel.) Further, Felsoci's response is very necessary to Plaintiffs' Motion for Sanctions Under Rule 37. Regardless of whether he finally produced the documents, he did not timely fulfill his duties under Rule 26(e). He is therefore liable for sanctions under Rule 37(c).

*County Government,* 407 F.3d 755, 765 (6th Cir. 2005). *See also* S. GENSLER, *supra*, at 815 ("the losing party's conduct is substantially justified if it was reasonable").

The burden of proving that one's opposition to discovery was substantially justified is on the party who opposed discovery. *See Addington v. Mid-American Lines*, 77 F.R.D. 750, 751 (W.D. Mo. 1978). Shifting expenses is favored because it encourages parties to reach voluntary resolutions of their discovery disputes; it curtails the risk that litigants might object to discovery to defeat or delay litigation. *See, e.g., LM Insurance Corp. v. ACEO, Inc*., 276 F.R.D. 592 (N.D. Ill. 2011).

Here, Felsoci has desperately attempted to manufacture a split of authority over the proper application of Rule 26(e) in an effort to avoid sanctions. As explained above, no split exists. Hornbook law teaches that Rule 26(e) includes later-created documents. And Rule 26(e) plainly required the timely production of the documents in Felsoci's possession. The documents evidencing the Ohio Republican Party's payments to Felsoci's lawyers are critical to Plaintiffs' case. Felsoci's prior production of documents in response to Plaintiffs' temporally open-ended document request was rendered incomplete once those documents were in Felsoci's possession. Felsoci was required by Rule 26(e) to timely produce them. He did not. He compounded his wrong by ignoring Plaintiffs' specific March 29, 2015 reminder that they expected him to supplement his prior production with subsequent documents reflecting bills and payments. He never disputed Plaintiffs' reminder. He did not claim that Rule 26(e) did not apply. He remained silent and suppressed evidence. He has no excuse.

## IV. Felsoci's Untimely Production Does Not insulate Him From Rule 37(c) Sanctions.

"The sanctions available under Rule 37(c)(1) are 'self-executing' in the sense that there is no need for an intervening motion to compel or order compelling production. By itself, the fact

18

that the party failed to disclose or supplement triggers application of the sanctions scheme." S. GENSLER, *supra*, at 824. Here, Felsoci failed to timely disclose the documents proving that the Ohio Republican Party had paid his lawyers. This violated Rule 26(e). Rule 37(c)'s remedy for this violation is self-executing. In the absence of substantial justification, which Felsoci lacks, he is responsible and must be sanctioned. Here, the appropriate sanctions are described in Plaintiffs' Motion for Rule 37 Sanctions. *See* Doc. No. 300. Default judgment should be entered against Felsoci under Count Seven of the Third Amended Complaint, and the Ohio Republican Party's coordinated involvement with Felsoci and Casey should be stipulated as an accepted fact.

## **CONCLUSION**

Plaintiffs' Motion to Compel, Doc. No. 299, should be **GRANTED** and Felsoci should be directed to pay Plaintiffs' expenses including attorneys' fees. Plaintiffs' Motion for Sanctions under Rule 37, Doc. No. 300, should be **GRANTED**; default judgment should be entered against Felsoci under Count Seven of the Third Amended Complaint; the Ohio Republican Party's coordination with Felsoci and his confidential co-client, Terry Casey, should be stipulated; and Felsoci should be directed to pay Plaintiffs' expenses including attorneys' fees.

Respectfully submitted,


/s/ Mark R. Brown
Mark R. Brown, Trial Counsel
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

Mark Kafantaris
625 City Park Avenue
Columbus, Ohio 43206
(614) 223-1444
(614) 221-3713 (fax)
mark@kafantaris.com

Attorneys for Plaintiffs




**CERTIFICATE OF SERVICE**

I certify that copies of this Reply was filed using the Court's electronic filing system and

will thereby be electronically delivered to all parties through their counsel of record.

s/Mark R. Brown


Mark R. Brown