```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Libertarian Party of Ohio,
    et al.,                         :

        Plaintiffs,                :

    v.                              :    Case No. 2:13-cv-953

Jon Husted, et al.,                 :    JUDGE MICHAEL H. WATSON
                                         Magistrate Judge Kemp
        Defendants.                :

                              ORDER

    Based on the briefing on Plaintiffs' motion to compel a response to a subpoena *duces tecum* directed to non-party Matt Borges (Doc. 302) and the related motion to strike (Doc. 315), the Court issues this order.  While the parties have briefed extensively the issue of the relevance of the subpoenaed documents to Plaintiffs' claims, the latest filing by Mr. Borges (Doc. 314, which Plaintiffs seek to have stricken from the record) indicates that any responsive documents which once existed are no longer in existence, having been both deleted from the Ohio Republican Party's email server pursuant to a document deletion protocol and then overwritten on any backup medium.

    While Plaintiffs object to the Court's consideration of the affidavits attached to Doc. 314, the Court notes that advisory opinions, especially on complex or important issues, are not only disfavored, but may well lie outside the scope of the judicial power.  If the Court were to order Mr. Borges to produce the documents in question by finding that they are relevant to Plaintiffs' constitutional claims, but it turns out that the documents do not exist, the order have no real-world effect on the rights or obligations of the litigants.

It would undoubtedly have been better practice for Mr. Borges to have investigated the existence of the requested documents at the time he filed his initial response. That may well have saved him the cost of having his attorney make arguments which are completely unnecessary if the documents cannot be produced. If this were an argument which could be waived, it probably was, but it is hard to see how a reality - the non-existence of responsive documents = can be waived in the same way a legal argument can be. If the documents don't exist, no amount of legal analysis of their relevance or the concept of waiver can resurrect them.

Given the current state of the record, which does not include any affirmative evidence from Plaintiffs that Mr. Borges' copies of these documents still exist, nor any reason to question the veracity of the affidavits stating they do not, the Court denies the motions relating to the subpoena (Docs. 302 and 315) and grants the motion to file a substituted memorandum in opposition (Doc. 312), which Plaintiffs do not oppose. Should any facts come to light which would call into question Mr. Borges' assertions about these documents, the Plaintiffs are free to renew their motion.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                                /s/ Terence P. Kemp
                                               United States Magistrate Judge