UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBERTARIAN PARTY OF OHIO, et al.,

    Plaintiffs,

and

ROBERT HART, et al.,

    Intervenor-Plaintiffs,    Case No. 2:13-cv-00953

  v.    JUDGE WATSON
    MAGISTRATE JUDGE KEMP

JON HUSTED,
in his Official Capacity as Secretary of State,

    Defendant,

THE STATE OF OHIO,

    Intervenor-Defendant,

and

GREGORY A. FELSOCI,

    Intervenor-Defendant.
_____/

**MOTION TO COMPEL PRODUCTION
UNDER RULE 45 FROM A NON-PARTY, MR. TERRY CASEY**

Plaintiffs respectfully move under Rule 45(d)(2)(B)(i) to compel a non-party, Mr. Terry Casey, to produce documents that are subject to a subpoena duces tecum served on him on June 19, 2015.  *See* Exhibit 1.  Mr. Casey was instructed to produce the requested documents by June 29, 2015, said time being extended by agreement of the parties to July 6, 2015.

1

Mr. Casey on that date produced a number of responsive documents. Included within his responsive documents, however, were two redacted documents, which are the focus of Plaintiffs' Motion to Compel. *See* Exhibit 2.

Plaintiffs on September 16, 2015 deposed Mr. Casey and asked him about these two documents. Casey testified that he did not remember anything about the redacted material.

Plaintiffs later that day on September 16, 2015 requested that Casey produce the two documents without redaction by the close of business on Friday, September 18, 2015. Casey responded on Friday, September 18, 2015 and stated that he would not produce the documents. *See* Exhibit 3.

Plaintiffs respectfully request an order compelling Casey to immediately produce the two documents in unredacted form. Plaintiffs further respectfully request that the Court expedite briefing on this Motion, since time remains of the essence in this case.

Plaintiffs respectfully move for an award of reasonable expenses, including attorney's fees, necessitated by their having to file this Motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

Plaintiffs certify under Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1 that they have in good faith conferred with counsel for Mr. Casey in an effort to obtain the requested documents without court action. Plaintiffs further certify that they have electronically delivered to Mr. Casey, through his attorney, copies of this Motion, Memorandum in Support, and attached Exhibits. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). In support of this Motion, Plaintiffs include the following Memorandum of Law, Exhibits (numbered 1 - 3), and a proposed Order (Exhibit 4).

## CONCLUSION

Plaintiffs' Motion to Compel should be **GRANTED.**

>Respectfully submitted,
>
>*s/ Mark R. Brown*
>Mark R. Brown, Trial Counsel
>Ohio Registration No. 81941
>303 East Broad Street
>Columbus, OH 43215
>(614) 236-6590
>(614) 236-6956 (fax)
>mbrown@law.capital.edu
>
>Mark G. Kafantaris
>Ohio Registration No. 80392
>625 City Park Avenue
>Columbus, Ohio 43206
>(614) 223-1444
>(614) 300-5123(fax)
>mark@kafantaris.com
>
>Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that this Motion, accompanying Memorandum and Exhibits were filed using the Court's electronic filing system, will thereby be electronically delivered to all parties through their counsel of record, and were electronically mailed to Steve Tigges (tigges@litohio.com), John Zeiger (zeiger@litohio.com) and Dan Mead (mead@litohio.com), attorneys for Terry Casey this same day.

>*s/ Mark R. Brown*
>
>Mark R. Brown

## MEMORANDUM IN SUPPORT
## OF MOTION TO COMPEL

Under Rule 45(d)(2)(B), "intervening court involvement is required prior to initiation of contempt proceedings if the recipient of the subpoena serves a written objection on the party or attorney designated in the subpoena." *United States SEC v. Hyatt*, 621 F.3d 687, 693-94 (7th Cir. 2010). "On receipt of such an objection, the party serving the subpoena 'may move the issuing court for an order compelling production or inspection,' and the production or inspection 'may be required only as directed in the order.'" *Id*. (citations omitted).[1]

## ARGUMENT

Plaintiffs on June 19, 2015 served on Mr. Terry Casey, Intervenor-Defendant-Felsoci's confidential (or "secret") co-client, a subpoena duces tecum requesting the production of several types of documents. *See* Exhibit 1. Included within this request was the following:

> 4. Any and all documents[2] and communications[3] between Terry Casey, Intervenor-Defendant-Felsoci ("Felsoci"), agents of the 2014 campaign of John Kasich for Governor

---

[1] Casey filed written objections on June 29, 2015, but did not therein offer any explanation for his redaction of the communications in the two documents. He also, notwithstanding his objections, produced documents. Casey was deposed on September 16, 2015 and was asked about the two documents at issue here and why they included redactions. He testified that he could not remember what the communications were about and did not know why they had been redacted. No objection was raised by his attorney at that time.

[2] "Document" means "any reduction of any communication to any tangible form, including print, hard copy, electronically stored information (ESI) or any other accessible format." *Id*. "Electronically stored information" and "ESI," meanwhile, mean "any information on operational systems including: e-mail, instant messaging (IM), web pages, text messages, cell phone data, erased, fragmented or damaged data, blackberry data, and any other information stored on computer or other electronic platforms or located in but not limited to cache memory, optical disks, magnetic tapes/back-up tapes, magnetic disks, cell phones, IM tools, USB drives, or any other electronic source." *Id*.

[3] "Communication" is defined by the subpoena to mean "any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letter correspondence, notes, telegrams, facsimiles, electronic mail (also known as 'e-mail'), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications." *Id*.

(including Matt Carle, Dave Luketic, and Steve Polesovsky), and/or John Musca, relating to Felsoci's protest of Charlie Earl from January 1, 2014 to present; ....

*See* Exhibit 1(hereinafter "Request # 4").

The two redacted documents appear to be screen-shots of instant messaging between Terry Casey, Dave Luketic, and Steve Polesovsky, all of whom are expressly named in Plaintiffs Request # 4. The first document, TC-000206, is dated February 27, 2014, plainly placing it within the terms of Request #4. Luketic states to Casey, "Would it help our case of one of the circulators signed a Democratic petitions (sic) this year?" Casey responded, "Sorry for my delay. YES!! These are very important. Can we discuss more by phone tonight?? Or early Friday am? Thanks Terry." The rest of the dialogue is then redacted.

The second document, TC-000214, appears to be another screen-shot of text messaging between Casey and Jeff Polesovsky, dated March 4, 2014 and March 7, 2014. Again, this falls squarely into Plaintiffs' Request #4. Polesovsky inquires on March 4, "Anything new? Since you last texted ...." Casey responds, "Nothing new. Just more grinding and Dems trying to play 'hide the ball'!!" On March 7, 2014, Polesovsky asks again, "Any word on when will know something." The response or inquiry, whatever it is and by whom, is redacted.

It is difficult to follow Casey's explanation for refusing to produce the contents of these two text messages. In his explanation offered through counsel to Plaintiffs' attorney, he begins by discussing Plaintiffs' first subpoena delivered to Casey over a year ago. That subpoena is not relevant here.

He then argues in regard to the June 19, 2015 subpoena (which is relevant) that "you expressly limited that request [in #4] to 'communications … relating to Felsoci's protest of Charlie Earl,' and ... you distinguished 'Felsoci's protest' from 'defense of that protest in state and federal court,' thereby drawing a clear distinction between the 'protest' before Secretary

5

Husted and the subsequent litigation." *See* Exhibit 3. "Even though the redacted communications were with Mr. Luketic and Mr. Polesovsky," he asserts, "they did not relate to the 'protest,' as you defined it, and thus were not responsive to the subpoena." *Id.*

Plaintiffs will not here attempt to unravel Casey's argument. Plaintiffs simply want the information. Plaintiffs asked for all communications between Casey, Luketic, and Polesvosky "relating to Felsoci's protest of Charlie Earl from January 1, 2014 to present." The request did not turn on whether the discussion of the protest of Earl took place during the administrative hearing before the Secretary of State, after the federal challenge began, or the day before the subpoena was served. Plaintiffs did not limit "relating to Felsoci's protest of Charlie Earl" in any way.

Casey's refusal to produce unredacted versions of these two documents is perplexing. Even if they were talking about the weather, why redact? The only reason to redact these two specific conversations is to keep information from the Plaintiffs. To the extent the communications had anything to do with the protest of Earl either before it was filed, while it was being heard by the Secretary of State, or at any time thereafter, they must be produced.

## CONCLUSION

Plaintiffs' Motion to Compel should be **GRANTED.**

Respectfully submitted,

*s/ Mark R. Brown*
Mark R. Brown, Trial Counsel
Ohio Registration No. 81941
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

6

                                      Mark G. Kafantaris
                                      Ohio Registration No. 80392
                                      625 City Park Avenue
                                      Columbus, Ohio 43206
                                      (614) 223-1444
                                      (614) 300-5123(fax)
                                      mark@kafantaris.com

                                      Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

     I certify that this Motion, accompanying Memorandum and Exhibits were filed using the Court's electronic filing system, will thereby be electronically delivered to all parties through their counsel of record, and were electronically mailed to Steve Tigges (tigges@litohio.com), John Zeiger (zeiger@litohio.com) and Dan Mead (mead@litohio.com), attorneys for Terry Casey this same day.

                                      *s/ Mark R. Brown*

                                      Mark R. Brown