UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBERTARIAN PARTY OF OHIO, et al.
        Plaintiffs,

and

ROBERT HART, et al.,                          Case No. 2:13-cv-00953
        Intervenor-Plaintiffs,

  v.                                           JUDGE WATSON
                                             MAGISTRATE JUDGE KEMP
JON HUSTED,
in his Official Capacity as Ohio
Secretary of State,

        Defendant,

STATE OF OHIO,
        Intervenor-Defendant,

and

GREGORY FELSOCI,

        Intervenor-Defendant.
_____/

**PLAINTIFFS' MOTION FOR FINDING "NO JUST REASON FOR DELAY" TO
DELAY APPEALING THE COURT'S DISMISSAL OF COUNT FIVE**

Plaintiffs pursuant to Federal Rule of Civil Procedure 54(b) and *McIntyre v. First National Bank of Cincinnati*, 585 F.2d 190, 191 (6th Cir. 1978) (recognizing that party may move the court to find "no just reason for delay"), respectfully move the Court to find that there is "no just reason for delay" their appealing the Court's dismissal of Count Five in Plaintiffs'

1

Third Amended Complaint.  *See* Opinion and Order, Oct. 14, 2015, Doc. No. 336 at PAGEID # 8714.

Plaintiffs' respectfully request **EXPEDITED BRIEFING** on this matter, since Ohio's December 16, 2015 deadline for qualifying for primary elections is closely approaching**.**  In support of their Motion, Plaintiffs tender the following Memorandum of Law.

>
> Respectfully submitted,
>
> s/*Mark R. Brown*
> Mark R. Brown, Trial Counsel
> Ohio Registration No. 81941
> 303 East Broad Street
> Columbus, OH 43215
> (614) 236-6590
> (614) 236-6956 (fax)
> mbrown@law.capital.edu
>
> Mark G. Kafantaris
> Ohio Registration No. 80392
> 625 City Park Avenue
> Columbus, Ohio 43206
> (614) 223-1444
> (614) 300-5123(fax)
> mark@kafantaris.com
>
> Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that this Motion and accompanying Memorandum were filed using the Court's electronic filing system and will thereby be electronically delivered to all parties through their counsel of record.

> s/*Mark R. Brown*
>
> Mark R. Brown

**MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION UNDER RULE 54 TO FIND NO JUST REASON FOR DELAY**

Federal Rule of Civil Procedure 54(b) states that "any order or other decision" of the Court is not final unless "the court expressly determines that there is no just reason for delay." Under 28 U.S.C. § 1291, the Sixth Circuit may not entertain an appeal from this Court's judgment entered on October 14, 2015, *see* Doc. No. 336, because Count Seven of the Third Amended Complaint's resolution remains outstanding. In order for Plaintiffs to appeal the Court's dismissal of Count Five under the Eleventh Amendment, the Court must first rule that there is "no just reason for delay." *See U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013).

This Court's dismissal of Plaintiffs' Ohio constitutional law claim under Count Five qualifies under Rule 54(b) for immediate appeal.  No just reason for delay exists.  Count Five is completely separate from every other Count in Plaintiffs' Third Amended Complaint, except perhaps Count Four (which even then challenges S.B. 193 on different, federal constitutional grounds). Count Five has absolutely nothing to do with the lone remaining claim presented to the Court, Count Seven, which challenges the application of Ohio's employer-statement rule to Plaintiffs.

Count Five, unlike any of the other claims, charges that S.B. 193 violates the Ohio Constitution.  It has nothing to do with Ohio's employer-statement rule (the focus of Counts Six, Seven, Eight and Nine) or Ohio's residence requirement for circulators (the focus of Counts One and Two). Count Three was rendered moot by the intervening election.  In short, Count Five is not connected to any other Count and there is no just reason for delaying Plaintiffs' appeal of the Court's dismissal of Count Five.

3

The need for urgency is clear here. The deadline for qualifying for Ohio's 2016 primary is December 16, 2015, just under two months away. If Plaintiffs were to succeed on immediate appeal under Count Five they could be restored to Ohio's ballot before the December 16, 2015 deadline.

In *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013), the Sixth Circuit stated that

> whether the district court correctly determined that there was "no just reason for delay" in permitting immediate appeal [is to be addressed under] "a nonexhaustive list of factors, such as: (1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for appellate review might become moot due to future developments in the district court; (3) the possibility that the appellate court might be required to hear the same issue twice; (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; and (5) other miscellaneous factors, including "delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

(Quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.,* 807 F.2d 1279, 1283 (6th Cir.1986)).

Here, Count Five bears absolutely no relationship to the non-adjudicated claim in Count Seven. The need for appellate review, moreover, could be mooted by the intervening primary election. Were there no immediate appeal, the Sixth Circuit might be required to entertain this issue again. There is no counterclaim that could be a potential set-off. Delay only prejudices the public's interest in free and open elections.

## **CONCLUSION**

There is "no just reason" for delaying Plaintiffs' immediate appeal of the Court's dismissal of Count Five of the Third Amended Complaint.

4

Respectfully submitted,

s/*Mark R. Brown*
Mark R. Brown, Trial Counsel
Ohio Registration No. 81941
303 East Broad Street
Columbus, OH 43215
(614) 236-6590
(614) 236-6956 (fax)
mbrown@law.capital.edu

Mark G. Kafantaris
Ohio Registration No. 80392
625 City Park Avenue
Columbus, Ohio 43206
(614) 223-1444
(614) 300-5123(fax)
mark@kafantaris.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that this Motion and accompanying Memorandum were filed using the Court's electronic filing system and will thereby be electronically delivered to all parties through their counsel of record.

*s/Mark R. Brown*

Mark R. Brown